IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CASEY ROSS BUNCH | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-1707-L |
| | § | |
| SHERIFF LUPE VALDEZ, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Plaintiff Casey Ross Bunch, an inmate in the Dallas County Jail, against Sheriff Lupe Valdez, various UTMB officers, and two jail employees. On August 24, 2005, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. A *Spears*[1] questionnaires then was sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the questionnaire on September 27, 2005. The court now determines that this action should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

---

[1] *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985).

II.

Plaintiff alleges that he has been denied adequate medical care, sanitary living conditions, and access to the law library at various times during his four-month incarceration in the Dallas County Jail. More particularly, plaintiff complains that he was improperly classified as suicidal upon book-in and placed in a cell without clothes, a sleeping mat, bedding, or personal hygiene items for three days. Plaintiff further contends that he did not receive prompt or proper medical treatment for a staph infection. In an unrelated claim, plaintiff alleges that he was denied access to the jail law library and legal materials needed to challenge his criminal conviction. By this suit, plaintiff seeks $250,000 in damages and "lifetime medical care."

III.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (1)  is frivolous or malicious;
>
> (2)  fails to state a claim upon which relief can be granted; or
>
> (3)  seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164,

113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

A.

The court initially observes that plaintiff has failed to state a claim for relief against: (1) Dallas County Sheriff Lupe Valdez; (2) Dr. John Stobo, President of UTMB; and (3) Dr. Ben Raimer, Vice President of Correctional Health Care Services for UTMB. As supervisors, these defendants are liable only if: (1) they affirmatively participated in acts that caused a constitutional deprivation; or (2) implemented unconstitutional policies that resulted in injury to plaintiff. *Mouille v. City of Live Oak, Texas*, 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 2443 (1993). It is clear from plaintiff's interrogatory answers that none of these defendants were personally involved in any of the alleged constitutional deprivations made the basis of this suit. Instead, plaintiff alleges that Valdez "is required to make sure officers are properly trained in both how to handle a medical condition such as mine and to treat inmate[]s with basic human respect." (*See Spears* Quest. #8). Plaintiff blames Stobo and Raimer because "someone was in charge of answering my medical requests for emergency medical care, and they weren't answered." (*See Spears* Quest. #7 & 8). Nowhere does plaintiff identify any specific policies that violate his constitutional rights. Nor does he allege any facts linking these non-existent policies to any of the defendants. Consequently, plaintiff has failed to state a claim for relief against Valdez, Stobo, and Raimer in their individual capacities. *See Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 736, 109 S.Ct. 2702, 2723, 105 L.Ed.2d 598 (1989); *Morgan v. Dallas Co. Sheriff's Dep't.*, No. 3-04-CV-2172-D, 2005 WL 57282 at *2 (N.D. Tex. Jan. 11, 2005) (Kaplan, J.), *rec. adopted*, 2005 WL 2075796 (N.D. Tex. Aug. 26, 2005).

B.

Plaintiff first contends that he was denied adequate medical care for a staph infection. In order to prevail on this claim, plaintiff must show that jail officials acted with deliberate indifference to his medical needs such as to cause the "unnecessary or wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); *see also Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997). This, in turn, requires proof that the jail medical staff was subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996), *citing Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 1984, 128 L.Ed.2d 811 (1994).

By his own admission, plaintiff was examined by a nurse at book-in on May 21, 2005. Although he did not receive immediate treatment for a staph infection, plaintiff was given two different kinds of antibiotics on June 1, 2005. (*See* Plf. Am. Compl. at 1). To the extent plaintiff disagrees with his course of treatment, such a claim is not actionable under 42 U.S.C. § 1983. *See Kelly v. Alford*, No. 3-03-CV-1259-P, 2003 WL 22456810 at *2 (N.D. Tex. Oct. 23, 2003) (Kaplan, J.), *citing Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993). Nor has plaintiff shown that he suffered substantial harm due to the 10-day delay in receiving treatment for his staph infection. Where, as here, the only injuries alleged are minor scarring and mental anguish, a brief delay in providing medical care does not rise to the level of a constitutional violation. *See Cluke v. Bowles*, No. 3-04-CV-0666-M, 2004 WL 2002247 at *3-4 (N.D. Tex. Sept. 7, 2004), *rec. adopted*, 2004 WL 2805827 (N.D. Tex. Dec. 6, 2004) (medical care claim summarily dismissed on initial screening where prisoner suffered only residual scarring and loss of hair due to 45-day delay in treating staph infection).

C.

Next, plaintiff complains that he was improperly classified as suicidal upon book-in and placed in a cell without clothes, a sleeping mat, bedding, or personal hygiene items for three days. This claim is also governed by the "deliberate indifference" standard of the Eighth Amendment. *See Farmer*, 114 S.Ct. at 1976, *citing Helling v. McKinney*, 509 U.S. 25, 31, 113 S.Ct. 2475, 2480, 125 L.Ed.2d 22 (1993). Assuming plaintiff can show that jail officials were deliberately indifferent to the conditions of his confinement, this claim still fails because plaintiff suffered no physical harm.

The PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The injury required by this statute "must be more than *de minimus* [sic], but need not be significant." *Alexander v. Tippah County, Mississippi*, 351 F.3d 626, 630-31 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2071 (2004). In his interrogatory answers, plaintiff states only that he is left with the "memories and horrors" of being placed in a filthy cell without clothing or a bed. (*See Spears* Quest. #8). This is insufficient to establish "physical injury" under the PLRA. *See, e.g. Bargalla v. Valdez*, No. 3-05-CV-0593-M, 2005 WL 1163304 at *2 (N.D. Tex. May 13, 2005) (allegation that plaintiff suffered "unnecessary pain and suffering" insufficient to establish physical injury); *Morgan*, 2005 WL 57282 at *2 (same as to allegation of "undue pain . . . on a regular basis").

D.

Finally, plaintiff contends that he has been denied access to the law library and legal materials. This claim must be analyzed under the more general right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 825, 97 S.Ct. 1491, 1496, 52 L.Ed.2d 72 (1977). Such a right "is founded in the Due Process Clause and assures that no person will be denied the opportunity to

present to the judiciary allegations concerning violations of fundamental constitutional rights." *Wolff v. McDonnell*, 418 U.S. 539, 579, 94 S.Ct. 2963, 2986, 41 L. Ed.2d 935 (1974). The right of access to the courts is also recognized as one aspect of the First Amendment right to petition the government for grievances. *See California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510, 92 S.Ct. 609, 611, 30 L.Ed. 2d 642 (1972); *Taylor v. Sterrett*, 532 F.2d 462, 470-72 (5th Cir. 1976). However, no court has ever extended this right beyond the ability to prepare and transmit necessary legal documents. *See Wolff*, 94 S.Ct. at 2984; *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 1081 (1994).

Plaintiff has failed to explain how the actions of jail officials interfered with his right of access to the courts. He alleges only that, by not having access to the names and addresses of lawyers and copies of unspecified motions, he was "swayed into a plea bargain not fitting my crime." (*See Spears* Quest. #3). This vague allegation is wholly insufficient to state a constitutional violation. *See Swaissi v. Cotten*, No. 3-01-CV-1607-D, 2002 WL 492905 at *3 (N.D. Tex. Mar. 28, 2002) (Kaplan, J.), *citing Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 2180, 135 L.Ed.2d 606 (1996) (inmate must demonstrate that inadequate law library hindered efforts to pursue an actual legal claim).[2]

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after

---

[2] The court further notes that plaintiff was represented by counsel at all stages of his criminal trial. (*Spears* Quest. #4(c)). Under such circumstances, there is no constitutional right of access to a law library. *See Carballo v. Federal Bureau of Prisons*, No. 04-30965, 124 Fed.Appx. 284, 285 (5th Cir. Mar. 23, 2005); *Piper v. Alford*, No. 3-02-CV-2640-P, 2003 WL 21350215 at *2 (N.D. Tex. Jun. 4, 2003).

being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  September 30, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE